**HUNTON ANDREWS KURTH LLP**
Emily Burkhardt Vicente (SBN 263990)
ebvicente@huntonak.com
Debra Urteaga (SBN 278744)
durteaga@huntonak.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

Attorneys for Defendant,
SEA WORLD LLC

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GUTIERREZ-WINDER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SEA WORLD, LLC, an unknown business entity; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: **'23CV2141 GPC SBC**<br><br>San Diego Superior Court Case No. 37-2023-00042007-CU-OE-CTL<br><br>**DEFENDANT SEA WORLD LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)**<br><br>*[Filed concurrently with Civil Cover Sheet, Corporate Disclosure Statement, Notice of Party With Financial Interest, Declaration of Jeffrey Schwartz, and Declaration of Nicole Carrington]* |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Sea World, LLC ("Defendant") hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the state court action described below.  In support thereof, Defendant states as follows:

1.     On September 27, 2023, Plaintiff Maria Gutierrez-Winder ("Plaintiff") filed an action against Defendant, which is currently pending in the Superior Court for the State of California, County of San Diego, as Case No. 37-2023-00042007-CU-OE-CTL, *Maria Gutierrez-Winder v. Sea World, LLC, an unknown business entity; and DOES 1 through 25, inclusive* (the "Action").  Plaintiff served Defendant with the Summons and Complaint on October 24, 2023.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint are attached hereto as **Exhibit A**.

2.     On November 20, 2023, Defendant filed its Answer to the Complaint (the "Answer").  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Answer is attached hereto as **Exhibit B.**

3.     As set forth more fully below, the Action is one which Defendant may remove to this Court under 28 U.S.C. § 1441, because Defendant has satisfied the procedural requirements and this Court has subject matter jurisdiction over the Action under 28 U.S.C. § 1332(a).  There is complete diversity among the parties (*see* Section II.A. below) and the amount in controversy is satisfied (*see* Section II.B. below).

**I.**

**DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

4.     Plaintiff served Defendant with the Summons and Complaint on October 24, 2023.  Because Defendant filed its Notice of Removal within 30 days of that date, the Notice of Removal is timely.  *See* 28 U.S.C. § 1446(b).

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

1

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

5.    Venue lies in the United States District Court for the Southern District of California because Plaintiff filed the Action in this judicial district and it remains pending in this judicial district.  *See* 28 U.S.C. § 1441(a).

6.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant are attached hereto as follows:

      a.    Exhibit A – Plaintiff's Summons and Complaint and accompanying documents.

      b.    Exhibit B – Defendant's Answer.

7.    Pursuant to 28 U.S.C. § 1332(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court for the State of California, County of San Diego.

## II.

## REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION

8.    The Action is a civil action over which this Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a).  The Action is removable because there is complete diversity between the parties and the amount in controversy exceeds the jurisdictional minimum.  Therefore, removal is proper under 28 U.S.C. § 1441.

9.    Pursuant to *Dart Cherokee Basin Operating Company, LLC v. Owen*, 135 S.Ct. 547, 553-54 (2014), Defendant's notice of removal need include only a plausible allegation that the requirements for diversity jurisdiction exist and does not need to contain evidentiary submissions.

### A.    The Diversity Of Citizenship Requirement Is Satisfied

10.    Plaintiff is a citizen and resident of the State of California.  (Complaint ¶ 1; Declaration of Nicole Carrington ("Carrington Decl.") ¶ 4.)  Plaintiff resides and is domiciled in California currently and has resided and been domiciled in California

2

for many years.  California is Plaintiff's permanent home, where she resides with the intention to remain or to which she intends to return.

11. Defendant is a citizen of Florida and Delaware and <u>not</u> a citizen of California.  (Declaration of Jeffrey Schwartz ("Schwartz Decl.") ¶ 2.) For removal purposes, a limited liability company is treated as a partnership for purposes of diversity, and citizenship depends on the citizenship of its members.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *19th Cap. Grp., LLC v. 3 GGG's Truck Lines, Inc.*, 2018 WL 6219886, at *2 (C.D. Cal. Apr. 3, 2018) ("An LLC's citizenship is not determined by its place of formation or principal place of business, but rather, by the citizenships of each of its members"); *McKay v. Fay Servicing, LLC*, 2023 WL 4848855, at *1 (N.D. Cal. July 28, 2023) (quoting *19th Capital Grp*. and holding same).

12. Here, Defendant Sea World LLC is a limited liability company. (Schwartz Decl. ¶ 2, Ex. A (Membership Certificate).)  Defendant's sole member and shareholder is SeaWorld Parks and Entertainment, Inc., which is incorporated in the State of Delaware.  (*Id.*) The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," which typically will be found at its corporate headquarters.  *Hertz Corp. v. Friend*, 559 U.S. 77, 95-96 (2010).  SeaWorld Parks and Entertainment, Inc.'s headquarters – where its high-level officers direct, control, and coordinate the corporation's activities – is located in Orlando, Florida.  (Schwartz Decl. ¶ 2.)  Thus, for removal purposes, SeaWorld Parks and Entertainment, Inc is a citizen of Delaware and Florida, not California.

13. Because Defendant is a citizen of Delaware and Florida, and because Plaintiff is a citizen of California, the requisite diversity of citizenship exists.  *See* 28 U.S.C. § 1332(c)(1).

14. For each of these reasons, diversity of citizenship exists in this action.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

3

**B.    The Amount In Controversy Requirement Is Satisfied**

14.    The amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000) exclusive of interest and costs.  A defendant's notice of removal of a case from state to federal court need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; it does not need to contain evidentiary submissions.  *Dart Cherokee*, 135 S.Ct. at 553–54.  The preponderance of the evidence standard applies only after "the plaintiff contests, or the court questions, the defendant's allegation" and "both sides submit proof."  *Id.* at 554.  Defendant may support federal jurisdiction by: 1) establishing that it is facially apparent that Plaintiff's claims more likely than not exceed the amount in controversy threshold; 2) setting forth in the Notice of Removal the facts in controversy that support a finding of the requisite amount; or 3) submitting an affidavit showing that the amount-in-controversy is met.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see also Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (same).

15.    In her Complaint, Plaintiff alleges discrimination based upon gender and age; harassment based on gender and age; failure to prevent discrimination and harassment; and wrongful termination.  (Compl. ¶¶ 56-94.)  Plaintiff seeks compensatory damages, including back pay, front pay, and other monetary relief; special damages; mental and emotional distress damages; costs of suit, including attorneys' fees; interest, including prejudgment interest; and injunctive relief.  Compl. Prayer for Relief.)  As set forth below, Plaintiff's allegations establish that there is more than $75,000 at issue, exclusive of interest and costs.[1]

_____

[1] Defendant denies Plaintiff is entitled to any damages, costs, or attorneys' fees whatsoever in this action and generally denies the allegations set forth in the Complaint. Defendant reserves the right to challenge on any and all grounds Plaintiff's entitlement to each and every type of relief sought.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

4

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

16.    Although Plaintiff does not specifically state an amount-in-controversy on the face of her Complaint, there is more than the requisite $75,000.00 at issue. Plaintiff alleges that she separated from Defendant on or about June 30, 2023. (Compl. ¶ 55.)  At the time of her alleged separation from Defendant, Plaintiff earned an annual base salary of $112,665.  (Carrington Decl. ¶ 3.)   Thus, her alleged lost wages from her separation until the present is equal to roughly four months of her base salary (about $37,500).[2]

17.    It is also reasonable to assume that Plaintiff will claim alleged lost wages from the present until the time of trial (estimated to occur at least one year from now). (Compl. ¶¶ 60, 68, 75, 82, 91) ("Plaintiff has sustained and continues to sustain substantial losses in earnings [and] employment benefits.")  This amount of lost wages would equal roughly another $112,665 – the wages she allegedly would have earned in twelve months' time.  In *Simmons*, the court denied the plaintiff's motion to remand based, in part, on an estimate of the plaintiff's lost wages after the date of removal. There, the plaintiff had lost wages of $25,600 during the ten-month period between termination and removal, and the court held it was "reasonable to expect" additional damages through trial to "exceed $25,600."  209 F. Supp. 2d at 1029.  In *James v. Childtime Childcare, Inc.*, the court held that defendant had satisfied the amount in controversy requirement: "Beyond roughly $12,700 in lost wages already accrued at the time of removal, the amount in controversy in this action includes additional back pay accrued following removal, emotional distress damages, punitive damages, and attorneys' fees." 2007 LEXIS 43753, at *4 (E.D. Cal. June 1, 2007).  The court further explained that, in addition to evaluating lost wages at the time of removal, courts also "consider both past and future lost wages." *Id.* at *4 n.1.  Here, Defendant

[2] Defendant offers these calculations only for purposes of establishing the propriety of removal.  Defendant offers these calculations subject to and without waiving its position that Plaintiff is not entitled to any damages whatsoever in this action and its general denial of the allegations in the Complaint.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441 AND 1446

reasonably believes that Plaintiff will claim alleged lost wages through trial in excess of $150,000.

18.    The fact that Plaintiff is seeking not just lost wages, but also other categories of damages, including emotional distress damages, punitive damages, and attorneys' fees, makes it certain that the amount in controversy will exceed the jurisdictional minimum.  For example, Plaintiff also seeks attorneys' fees.  Applying a conservative estimate of 25 percent to estimated lost wages alone ($150,000), potential attorneys' fees sought by Plaintiff could exceed $37,500.  *See Simmons*, 209 F. Supp. 2d at 1035 (finding that satisfaction of jurisdictional minimum is facially apparent from plaintiff's state court complaint for employment discrimination action because, "[w]hile attorneys' fees alone would not necessarily exceed $75,000, when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied"); *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007) (attorneys' fees are properly included in the amount in controversy).  Here, even a conservative estimate of attorneys' fees plus lost wages far exceeds $75,000.

19.    While lost wages and estimated attorneys' fees alone exceed $75,000, Plaintiff also seeks punitive damages, which are appropriate to include in the amount in controversy.  *Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). When these amounts are added to her claims for alleged lost wages through trial and attorneys' fees, the amount in controversy is well over $75,000.

20.    Finally, Plaintiff additionally seeks recovery of general and special damages.  (Prayer for Relief ¶¶ 1-2.)  These also are appropriate to include in the amount in controversy.  *James*, 2007 LEXIS 43753, at *4. When the amounts Plaintiff seeks for these alleged damages are factored in, it further supports that the amount in controversy far exceeds $75,000.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

21. Based on the foregoing, the jurisdictional amount in controversy requirement plainly is met. Removal to this Court is proper under diversity of citizenship jurisdiction.

WHEREFORE, Defendant hereby removes this Action from the Superior Court of the State of California, County of San Diego, to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: November 21, 2023                    HUNTON ANDREWS KURTH LLP

By:  */s/ Emily Burkhardt Vicente*
     Emily Burkhardt Vicente
     Debra Urteaga
     Attorneys for Defendant
     Sea World LLC

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

7

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SEA WORLD LLC, an unknown business entity;
and DOES 1 through 25, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIA GUTIERREZ-WINDER, an individual,

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/27/2023** at 04:20:18 PM

Clerk of the Superior Court
By Cheyenne Preston, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California
330 W. Broadway San Diego, CA 92101

CASE NUMBER:
**37-2023-00042007-CU-OE-CTL**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Josh D. Gruenberg 2155 First Avenue, San Diego, CA 92101 (619) 2301234

DATE: 09/28/2023          Clerk, by _____ C. Preston _____, Deputy
*(Fecha)*                 *(Secretario)*                                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

For your protection and privacy, please press the Clear This Form

Joshua D. Gruenberg, Esq. SB #163281
Pamela Vallero, Esq. SB #308301
Kelli L. Sanshey, Esq. SB #349608
**GRUENBERG LAW**
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-3542
TELEPHONE: (619) 230-1234
TELECOPIER: (619) 230-1074

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/27/2023** at 04:20:18 PM

Clerk of the Superior Court
By Cheyenne Preston, Deputy Clerk

Attorneys for Plaintiff,
**MARIA GUTIERREZ-WINDER**

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO, CENTRAL DIVISION**

| | |
|---|---|
| MARIA GUTIERREZ-WINDER, an individual, <br><br> Plaintiff, <br><br> v. <br><br> SEA WORLD LLC, an unknown business entity; and DOES 1 through 25, Inclusive, <br><br> Defendant. | Case No. 37-2023-00042007-CU-OE-CTL <br><br> **PLAINTIFF'S COMPLAINT FOR:** <br><br> 1. GENDER DISCRIMINATION [Cal. Gov't Code § 12940(a)]; <br> 2. AGE DISCRIMINATION [Cal. Gov't Code § 12940(a)]; <br> 3. HARASSMENT ON BASIS OF AGE AND GENDER [Cal. Gov't Code § 12940(j)]; <br> 4. FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, OR RETALIATION [Cal. Gov't Code § 12940(k)]; <br> 5. WRONGFUL TERMINATION [Cal. Gov't Code § 12940(a)]; <br><br> **[JURY TRIAL DEMANDED]** |

COMES NOW THE PLAINTIFF, alleging against Defendant as follows:

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1. Plaintiff MARIA GUTIERREZ-WINDER (hereinafter "Plaintiff" or "GUTIERREZ-WINDER") is a natural person who is, and at all relevant times was, a resident of the United States and a domiciliary of the State of California.

2. Plaintiff is informed and believes, and thereon alleges that Defendant, SEA WORLD, LLC (hereinafter "SEA WORLD"), is, and at all relevant times herein mentioned was, an unknown business entity subject to the laws of the State of California and conducting substantial business in the County of San Diego.

3. Plaintiff is informed and believes and thereon alleges that SEAWORLD is subject to suit under the California Fair Employment Housing Act (FEHA), California Government Code § 12940 *et seq.*, as it employs in excess of five (5) employees in San Diego and elsewhere.

4. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 to 25, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when they are ascertained.

5. Plaintiff is informed and believes, and thereon alleges, that each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally caused by Defendant.

6. Plaintiff is informed and believes, and thereon alleges that the aforementioned DOES are somehow responsible for the acts alleged herein as the agents, employers, representatives or employees of the other named Defendant, and in doing the acts herein alleged were acting within the scope of their agency, employment or representative capacity of said named Defendant.

7. The tortious acts and omissions alleged to have occurred herein were performed by Defendant's management level employees. Defendant allowed and/or condoned a continuing pattern of unlawful practices, and have caused, and will continue to cause, Plaintiff economic damage in an amount to be proven at trial.

8. Defendant had constructive knowledge of the tortious acts and/or omissions alleged herein as the result of participating in the wrongful acts or ratifying or affirming the acts once heard or known of.

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

9. Defendant committed the acts alleged herein maliciously, fraudulently, oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful conduct was carried out with a conscious disregard for Plaintiff's rights.

10. Such tortious acts were authorized or ratified by upper-level managerial employees of Defendant. The actions of Defendant against the Plaintiff constitute unlawful practices in violation of California law, and have caused, and will continue to cause Plaintiff loss of earnings, loss of employment benefits, and other losses in amounts to be proven at trial.

11. As a further proximate result of the unlawful actions of Defendant, and each of their agents, against Plaintiff as alleged herein, Plaintiff has been harmed in that she has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

12. Defendant's conduct warrants the assessment of punitive damages in an amount sufficient to punish Defendant and deter others from engaging in similar conduct.

13. On or about September 27 , 2023, Plaintiff filed her charge against Defendant with the California Civil Rights Department ("CRD"), and thereafter on that same day, Plaintiff received a "Right to Sue" letter from the CRD, collectively attached hereto as "EXHIBIT A."

**SPECIFIC FACTUAL ALLEGATIONS**

14. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

**Plaintiff was a Stellar Employee**

15. In or around April 1990, SEAWORLD hired Plaintiff as a seasonal Sales Coordinator.

16. In or around July 1990, Plaintiff was retained as part-time Sales Coordinator. In or around 1991, Plaintiff received a Quality Performance Award.

17. In or around 1993, Plaintiff was promoted to full-time Sales Representative for Special Events.

18. In or around 1996, Plaintiff was promoted to Salaried Sales Representative.

19.  In or around 1999, Plaintiff was promoted to Senior Sales Representative.

20.  In or around 2005, Plaintiff made a lateral move to Sales Representative for Travel Industry Sales.

21.  In or around 2007, Plaintiff was promoted to Sales Manager.

22.  In or around 2013, Plaintiff was promoted to Senior Sales Manager.

23.  In or around 2014, Plaintiff was promoted to Director of Marketing for Sales.

24.  In or around 2019, Plaintiff was promoted to Senior Leader of Sales.

25.  During her employment with Defendant, Plaintiff performed her duties in a competent and diligent manner, as recognized by Defendant. Plaintiff had a history of high performance, received meets or exceeds ratings in performance reviews, and routinely received top retention bonuses. Further, Plaintiff was never issued a written reprimand.

26.  Throughout Plaintiff's employment with Defendant, Plaintiff had various supervisors including but not limited to, Bess Eberhardt, Anthony Flores, Chelle Rupp, Cynthia Schmidt, Marilyn Hannes, and John Dunlap.

27.  Beginning in or around 2021, Plaintiff was subject to abusive and discriminatory conduct from John Dunlap and Ian Parker, which ultimately lead to Plaintiff's wrongful termination on or around June 30, 2023.

**In 2021, Defendant Subjected Plaintiff to Abusive and Discriminatory Conduct**

28.  Plaintiff was able to complete her job duties in the absence of age-based and gender discrimination up until 2021. Beginning in 2021, Defendant embarked on a concerted pattern of discriminatory conduct towards Plaintiff on the basis of her age and gender.

29.  Plaintiff was 40 years of age or older at the time Defendant's management embarked on a concerted pattern of discriminatory conduct towards Plaintiff.

30.  Since 2021, Defendant has engaged in a practice of terminating female employees in Plaintiff's age group and replacing them with younger employees, often male.

31.  In or around 2021, Defendant replaced Sheri Shelhorst, mid-50s, with a younger male in his early-30s, Tanner Barnes.

32.  In or around 2021, Defendant replaced Laura Martella, mid-to-late-50s, with a younger

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

female in her late-20s, Mariza Gines.

33. In or around 2022, Defendant replaced Mel Sells, late-40s or early-50s, with a younger male in his late-20s, Tyler Carter.

34. In or around 2023, Defendant replaced Lisha Duarte, 60, with a younger male in his early-40s, Rob Mister.

35. At some point, Defendant replaced Laura Slanec, 50s, with a male about the same age, Mike Dunn.

36. In or around 2021, then Park President, John Dunlap ("Dunlap") engaged in a campaign to terminate Plaintiff. On information and belief, Dunlap is known to have an abusive and hostile history towards women. While Dunlap was Park President, he served as Plaintiff's immediate supervisor.

37. On or around July 2, 2021, Dunlap told Plaintiff her job was "basically over" or words to that effect. At the same time, Dunlap directed Plaintiff to send him an email explaining her contributions to the company and told Plaintiff to "smell the coffee," or words to that effect.

38. On or around July 14, 2021, Laura Martella ("Martella"), Vice President of Human Resources, was informed about Dunlap yelling at Plaintiff in the hallways. Martella had facilitated a conversation between Plaintiff and Dunlap to discuss the situation.

39. On or around July 14, 2021, Plaintiff met with Dunlap and Erika DiProfio ("DiProfio"), Vice President of Marketing, to discuss staffing. During this meeting, Dunlap looked past Plaintiff and only spoke to DiProfio. Further, Dunlap referred to Plaintiff and all older employees as "legacy employees," or words to that effect, implying their service was no longer needed. The phrase "legacy employees" was used by Dunlap to describe Plaintiff and other older employees up until Plaintiff's wrongful termination.

40. On or around August 8, 2021, Dunlap entered Plaintiff's office and told her that Sales was going to be under Marketing moving forward. Dunlap stated corporate was taking too long to implement the change, so he made the decision to implement it locally. Dunlap informed Plaintiff that she would now be working with DiProfio.

41. On or around August 8, 2021, Plaintiff met with DiProfio at or around 2:50 p.m. to discuss Sales and preparing for Howl-o-Scream.[1] Nothing was discussed about the transition Dunlap had mentioned or changing Plaintiff's position or role with Defendant.

42. On or around August 9, 2021, Martella asked Plaintiff whether Dunlap had spoken to her about the July 14, 2021 situation, and asked if Dunlap tried to reconcile. Plaintiff informed Martella that he had not, to which Martella responded that Dunlap's "treatment of women and leading his team is very hostile" or words to that effect.

43. On or around August 11, 2021, Joy Malisse ("Malisse"), Executive Assistant, called Plaintiff to inform her that she had quit her job. Malisse said she quit because Dunlap was a "bully" and she "couldn't take it anymore" or words to that effect. During the telephone call, Malisse told Plaintiff to "watch out" for herself or words to that effect, because Dunlap was trying to "phase [her] out" or words to that effect.

44. In or around July 2021, Defendant hired Chris Finazo ("Finazo"), as Chief Commercial Officer. Prior to working for Defendant, Finazo worked at Burger King. Once Finazo started working for Defendant, he hired several younger males.

45. In or around 2022, Finazo hired Ian Parker ("Parker"), a younger male, who he worked with previously at Burger King. Parker was hired as Vice President of Groups, Events and Partnerships.

46. During her employment, Plaintiff noticed that she was discriminated against compared to her younger peers. Plaintiff noticed that Parker was dismissive towards her and kept her out of the loop of many important things. Regardless, Plaintiff continued to perform her work in a competent manner, even though Parker was trying to sabotage her professional success and advancement.

47. In or around September 2022, Parker intentionally scheduled meetings when he knew Plaintiff was traveling for work. Additionally, Parker required Plaintiff to engage in additional reporting on travel meetings, including the CalTravel Summit and Visit CA Mexico Mission meetings, something that was not required of other employees.

---

[1] Howl-Scream is an event put on by SEAWORLD during the Halloween season.

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

48. In or around October 2022, Plaintiff was traveling for work while attending the Cal Travel Summit with Marilynn Hannes ("Hannes"), Senior Vice President of Strategic Partnerships and Sales. Throughout the week, Parker called Plaintiff while she was attending the Summit, and demanded that she provide him with Group numbers. Plaintiff informed Parker that she was busy attending sessions and that it needed to wait. Parker continued to demand that Plaintiff act immediately. As a result, Hannes told Parker that it was part of Plaintiff's job to attend the sessions and host part of the Summit. Parker continued to demand that Plaintiff work on his project.

49. Specifically, on or around February 1, 2023, during a group monthly meeting, Parker engaged with Plaintiff in a demeaning manner in front of her colleagues, which was extremely embarrassing for Plaintiff. Laura Flint ("Flint"), who was also in attendance for the group monthly meeting, called Plaintiff after the meeting and addressed how bad Parker's behavior was during the meeting, and expressed how bad she felt for Plaintiff.

50. Additionally, on or around February 27, 2023, Plaintiff, Parker, and Steve Garcia ("Garcia") had a meeting to discuss Group Strategies. Throughout the meeting, Parker was hostile and rude and only spoke to Garcia about what needed to be done to grow the business. Each time Plaintiff spoke, Parker yelled at her and told her to listen.

51. On or around March 1, 2023, Parker publicly berated Plaintiff in front of a business colleague, Jay Judal ("Judal"), Director of the San Diego Zoo. Specifically, Parker berated Plaintiff about her travel schedule for work and her involvement in outside industrial boards. Hannes stepped in and reminded Parker that travel was part of Plaintiff's job duties, and suggested they discuss the subject in private. This incident was extremely demeaning and embarrassing for Plaintiff considering it happened in the presence of her business colleague at the San Diego Zoo.

52. On or around March 16, 2023, Natasha Ruparelia ("Ruparelia"), Corporate Human Resources Manager, contacted Plaintiff regarding Parker's abuse and hostility in conjunction with a Human Resources investigation (not specific to Plaintiff).[2] Plaintiff

_____
[2] The Human Resources investigation was in regard to Parker's treatment of other employees and an outside vendor.

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

provided information about Parker's abusive conduct and hostile work environment.

53. On or around April 27, 2023, Plaintiff had a conversation with Zoe Moed ("Moed"), Vice President of Marketing, about her communicating with the Sales team when Plaintiff is not around. Moed responded by letting Plaintiff know she could speak with any Park Team member any time she wanted, other than the Sales team, because Plaintiff was "old school" or words to that effect.

54. In or around May 2023, Parker walked up and down the halls screaming Plaintiff's name, yelling for her to come into his office, despite Plaintiff being right next door. This conduct was demeaning and intended to embarrass and harass Plaintiff.

55. On June 30, 2023, in its final act of discrimination, Defendant wrongfully terminated Plaintiff and replaced her with a younger male in his 30s, Steve Garcia. As a result of all of the foregoing and following actions taken towards Plaintiff as alleged herein, Plaintiff has incurred loss of earnings and benefits. Additionally, Plaintiff suffered emotional distress, humiliation, embarrassment, and loss of reputation.

## FIRST CAUSE OF ACTION

## DISCRIMINATION ON THE BASIS OF GENDER

### v. Defendant

### [Cal. Gov't Code §12940(a)]

56. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the proceeding paragraphs as though fully set forth herein.

57. Defendant discriminated against Plaintiff in the terms, conditions and privileges of her employment.

58. Plaintiff believes and thereon alleges that her gender, female, was a motivating reason for Defendant's discrimination against her, including wrongful termination.

59. Defendant's conduct of discriminating against Plaintiff on the basis of her gender violated Cal. Gov't Code § 12940(a).

60. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits,

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

61. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

62. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

63. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees.

## SECOND CAUSE OF ACTION

### DISCRIMINATION ON THE BASIS OF AGE

### v. Defendant

### [Cal. Gov't Code § 12940(a)]

64. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

65. Plaintiff is a 58-year-old female. Defendant was aware of Plaintiff's age.

66. Defendant, by and through its employees and agents, engaged in conduct that, taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment, as stated herein. Such actions are unlawful and discriminatory in violation of Government Code section 12940 *et seq.* and have resulted in damaged and injury to Plaintiff.

67. Plaintiff believes and thereon alleges that her age was a motivating reason for Defendant discriminating against her in the terms, conditions and privileges of her employment.

68. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits,

employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

69. As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

70. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

71. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees and costs pursuant to Government Code section 12965.

## THIRD CAUSE OF ACTION

### HARASSMENT ON BASIS OF AGE AND GENDER

### v. Defendant

### [Cal. Gov't Code §12940(j)]

72. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

73. At all times mentioned herein, California Government Code section 12940 *et seq.* was in full force and effect and was binding on Defendant. This section requires Defendant, as an employer, to refrain from harassing any employee based on gender and age.

74. Plaintiff believes and thereon alleges that she was severely and pervasively harassed by Defendant based on her gender and age. Such actions are unlawful, harassing, and in violation of Cal. Gov't Code §12940 *et seq.* and have resulted in damage and injury to Plaintiff, as alleged herein.

75. As a proximate result of Defendant's willful, knowing, and intentional harassment of Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings,

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

bonuses, and other employment benefits and opportunities.

76. As a proximate result of Defendant's willful, knowing, and intentional harassment of Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

77. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees and costs pursuant to Cal. Gov't Code §12965.

## FOURTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, OR RETALIATION

## v. Defendant

## [Cal. Gov't Code §12940(k)]

78. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

79. At all times mentioned herein, California Government Code section 12940 *et seq.* was in full force and effect and was binding on Defendant. This section provide that it is unlawful for Defendant, as an employer, to fail to take all reasonable steps necessary to prevent discrimination from occurring.

80. Plaintiff was subjected to discrimination on the basis of her sex and age, as set forth herein.

81. Defendant failed to take reasonable steps to prevent the discrimination and harassment as described herein.

82. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

83. As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation,

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

84. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

85. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees and costs pursuant to Government Code section 12965.

## FIFTH CAUSE OF ACTION

### WRONGFUL TERMINATION

### v. Defendant

### [Cal. Gov't Code §12940(a)]

86. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

87. Plaintiff performed work for Defendant, as an employee, as stated herein.

88. Plaintiff opposed age discrimination, as stated herein, by complaining about her mistreatment and discussing Defendant's practice of getting rid of older employees.

89. Defendant, by and through its employees and agents, engaged in conduct that, taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment, as stated herein, including but not limited to, terminating her employment. Such actions are unlawful and discriminatory in violation of Government Code section 12940 *et seq.* and have resulted in damage and injury to Plaintiff.

90. Plaintiff believes and thereon alleges that her complaints and opposition to age discrimination was a motivating reason for Defendant engaging in conduct that, taken as a whole, materially and adversely affected the terms and conditions of her employment, including but not limited to terminating her employment.

91. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

92. As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

93. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

94. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees and costs pursuant to Government Code section 12965.

///

**WHEREFORE**, Plaintiff prays for the following relief:

1. For compensatory damages, including back pay, front pay, and other monetary relief, in an amount according to proof;

2. For special damages in an amount according to proof;

3. For mental and emotional distress damages;

4. For costs of suit, including attorneys' fees as permitted by law, including those permitted by Government Code section 12965(b);

5. For an award of interest, including prejudgment interest, at the legal rate as permitted by law, including those permitted by Government Code section 12965(b);

6. For injunctive relief;

7. For such other and further relief as the Court deems proper and just under all the circumstances.

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

**PLAINTIFF MARIA GUTIERREZ-WINDER** demands a jury trial on all issues in this case.

///

DATED September 27, 2023:                    **GRUENBERG LAW**


_____
JOSHUA D. GRUENBERG
PAMELA VALLERO
KELLI L. SANSHEY
Attorneys for Plaintiff,
**MARIA GUTIERREZ-WINDER**

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

**EXHIBIT A**

(1)    PLAINTIFF'S CHARGE FILED WITH THE CALIFORNIA CIVIL RIGHTS

DEPARTMENT (CRD);

(2)    PLAINTIFF'S RIGHT TO SUE LETTER FROM THE CRD.

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA  92101



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

September 27, 2023

Kelli Sanshey
2155 First Ave.
San Diego, CA

RE: **Notice to Complainant's Attorney**
CRD Matter Number: 202308-21791929
Right to Sue: Gutierrez-Winder / Sea World LLC

Dear Kelli Sanshey:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)



STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

September 27, 2023

RE:    **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202308-21791929
Right to Sue: Gutierrez-Winder / Sea World LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

September 27, 2023

Maria Gutierrez-Winder

,

RE:    **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202308-21791929
Right to Sue: Gutierrez-Winder / Sea World LLC

Dear Maria Gutierrez-Winder:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective September 27, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Maria Gutierrez-Winder                                    CRD No. 202308-21791929

Complainant,

vs.

Sea World LLC
6240 SEA HARBOR DRIVE
Orlando, FL 32821

Respondents

_____

**1.** Respondent **Sea World LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Maria Gutierrez-Winder**, resides in the City of **,** State of **.**

**3**. Complainant alleges that on or about **June 30, 2023**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, age (40 and over).

**Complainant was discriminated against** because of complainant's sex/gender, age (40 and over) and as a result of the discrimination was terminated.

**Additional Complaint Details:** See attached.

-1-
*Complaint – CRD No. 202308-21791929*

Date Filed: September 27, 2023

CRD-ENF 80 RS (Revised 12/22)

VERIFICATION

I, **Kelli Sanshey**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On September 27, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Diego, CA**

-2-
*Complaint – CRD No. 202308-21791929*

Date Filed: September 27, 2023

CRD-ENF 80 RS (Revised 12/22)

# EXHIBIT B

**HUNTON ANDREWS KURTH LLP**
Emily Burkhardt Vicente (SBN 263990)
ebvicente@huntonak.com
Debra Urteaga (SBN 278744)
durteaga@huntonak.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

Attorneys for Defendant,
SEA WORLD LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| MARIA GUTIERREZ-WINDER, an individual, | Case No.  37-2023-00042007-CU-OE-CTL |
| Plaintiff, | Hon. Carolyn Caietti |
| vs. | **DEFENDANT SEA WORLD LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| SEA WORLD, LLC, an unknown business entity; and DOES 1 through 25, inclusive,, | |
| Defendants. | Complaint Filed:       September 27, 2023<br>Dept.:                     C-70 |

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Defendant Sea World LLC ("Defendant") hereby answers Plaintiff Maria Gutierrez-Winder's ("Plaintiff") Complaint for Damages ("Complaint") as follows:

## GENERAL DENIAL

Defendant generally denies each and every allegation of the Complaint.  Defendant further denies that Plaintiff is entitled to any relief against Defendant and denies that Plaintiff has been damaged in the nature alleged or in any other manner, or at all.  Defendant also denies that Plaintiff has sustained any injury, damage, or loss by reason of any conduct, action, error or omission on the part of Defendant, or any agent, employee or any other person acting under Defendant's authority or control.

Without waiving or excusing any of Plaintiff's own burdens of proof and production of evidence, Defendant alleges the following separate and distinct affirmative and other defenses to each of the purported causes of action set forth in the Complaint:

## FIRST DEFENSE

### (Lack of Jurisdiction/Arbitration Agreement)

1.     This Court lacks jurisdiction over Plaintiff's claims, and/or those claims are barred, in whole or in part, due to an enforceable arbitration agreement agreed to by Plaintiff as a condition of her employment and that covers all claims asserted against Defendant.

## SECOND DEFENSE

### (Failure To State A Claim)

2.     Plaintiff's Complaint, and each cause of action stated therein, fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

### (Statute Of Limitations)

3.     Plaintiff's Complaint, and some or all of the causes of action stated therein, are barred by the applicable statutes of limitations.

## FOURTH DEFENSE

### (Equitable Defenses)

4.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, under the equitable doctrines, including laches, unclean hands, waiver, and estoppel.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## FIFTH DEFENSE

### (Failure to Exhaust Administrative Remedies)

5.      Plaintiff's Complaint, and each cause of action stated therein, is barred because Plaintiff failed to exhaust her administrative remedies.

## SIXTH DEFENSE

### (At-Will Employment)

6.      Plaintiff's claims are barred, in whole or in part, because the employment relationship between Plaintiff and Defendant was at-will, terminable by either party at any time, with or without cause.

## SEVENTH DEFENSE

### (No Ratification)

7.      Plaintiff's claims are barred because Defendants had no notice of any allegedly discriminatory or harassing conduct, nor any reason to know such conduct would occur.  To the extent any alleged discriminatory or harassing conduct occurred, it was not authorized or ratified by Defendant, was conducted outside the course and scope of employment with Defendant, was in violation of Defendant's policies and procedures, and was directly contrary to Defendant's good faith efforts to comply with anti-discrimination, anti-retaliation, and anti-harassment laws.

## EIGHTH DEFENSE

### (Good Faith)

8.      Plaintiff's claims are barred from any recovery in this action because Defendant acted reasonably and in good faith on all matters related to Plaintiff's employment.

## NINTH DEFENSE

### (Legitimate, Non-Discriminatory Actions)

9.      Plaintiff's claims are barred from any recovery in this action because all of Defendant's actions toward Plaintiff were taken for legitimate, nondiscriminatory, and nonretaliatory reasons.

## TENTH DEFENSE

### (Reasonable Business Necessity/Business Judgment)

10.      Plaintiff's claims are barred in whole or in part because Defendant's actions and

2

DEFENDANT SEA WORLD LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

omissions were justified by reasonable business necessity, and Defendant acted in accord with reasonable and sound business judgment.

## ELEVENTH DEFENSE

### (Prompt Investigation)

11. Plaintiff's claims are barred to the extent Defendant promptly conducted an appropriate investigation of Plaintiff's allegations, if any.

## TWELFTH DEFENSE

### (Discrimination, Harassment and Retaliation Prevention)

12. Plaintiff's Complaint, and some or all of the causes of action stated therein, are barred because Defendant, at all relevant times herein, took all appropriate actions to prevent any discriminatory, retaliatory or harassing conduct from occurring, thereby satisfying all legal obligations owed to Plaintiff, if any at all. Further, even if any unlawful conduct occurred, which Defendant denies, such conduct was prohibited by Defendant's policies and was not within the actual or constructive knowledge of higher management in Defendant's corporate structure nor was it committed, countenanced, ratified, or approved by higher management in Defendant's corporate structure.

## THIRTEENTH DEFENSE

### (Mixed Motive/Same Decision)

13. Any recovery on Plaintiff's Complaint is barred, in whole or in part, because, to the extent Plaintiff engaged in any protected activity or any employment decision with respect to Plaintiff was partially motivated by discrimination, harassment and/or retaliation, which Defendant denies, the same decisions or actions would have occurred for legitimate, independent reasons, even if Plaintiff had not engaged in any such protected activity.

## FOURTEENTH DEFENSE

### (Avoidable Consequences)

14. Plaintiff's Complaint, and each cause of action contained therein, is barred, or recovery should be reduced, because Plaintiff failed to take reasonable advantage of available procedures to prevent and correct any alleged wrongdoings by Defendant.

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DEFENDANT SEA WORLD LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

**FIFTEENTH DEFENSE**

**(Workers' Compensation Exclusivity)**

15.    Plaintiff's claims are barred, in whole or in part, because said claims are preempted by federal and/or state law, including, but not limited to, the California Workers' Compensation Act.

**SIXTEENTH DEFENSE**

**(Plaintiff's Carelessness, Recklessness, and/or Negligence)**

16.    Plaintiff's claims are barred, or recovery reduced, by Plaintiff's carelessness, recklessness, and/or negligence in the matters alleged therein.

**SEVENTEENTH DEFENSE**

**(No Proximate Causation)**

17.    Plaintiff's damages, if any, should be reduced because they were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendant.

**EIGHTEENTH DEFENSE**

**(Intervening, Supervening or Superseding Cause)**

18.    Plaintiff's damages, if any, should be reduced because the damages Plaintiff claims to have suffered were caused or made worse by an event that occurred after the alleged incident(s) described in the Complaint.

**NINETEENTH DEFENSE**

**(Failure to Mitigate Damages)**

19.    Plaintiff had a duty to take reasonable steps to mitigate and/or avoid her damages. To the extent that Plaintiff failed to take such steps, she is barred in whole or in part from recovering damages in this action, if any.

**TWENTIETH DEFENSE**

**(Speculative Damages)**

20.    Plaintiff's claims and/or damages are barred, in whole or in part, because they are speculative and uncertain.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

4

**TWENTY-FIRST DEFENSE**

**(No Double Recovery)**

21.    Some or all of Plaintiff's claims are barred by the doctrine of election of remedies or because they would amount to a double recovery.

**TWENTY-SECOND DEFENSE**

**(Unjust Enrichment)**

22.    Plaintiff's claims are barred to the extent that any award in this action would constitute unjust enrichment.

**TWENTY-THIRD DEFENSE**

**(No Punitive Damages or Attorneys' Fees)**

23.    Plaintiff has failed to allege or prove facts sufficient to allow recovery of punitive/exemplary damages or attorneys' fees against Defendant.  Punitive damages/exemplary damages are also barred to the extent they are unconstitutional and because the alleged wrongful conduct upon which Plaintiff's request for punitive damages is based was not performed or ratified by a managing agent of Defendant.

**TWENTY-FOURTH DEFENSE**

**(Punitive Damages Unconstitutional)**

24.    An award of punitive damages would be an unconstitutional denial of Defendant's rights to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and Articles I and IV of the California Constitution.

**TWENTY-FIFTH DEFENSE**

**(Reservation of Rights)**

25.    Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available in this action. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that it may be appropriate.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

5

DEFENDANT SEA WORLD LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

**PRAYER**

WHEREFORE, having filed its answer and affirmative defenses to Plaintiff's Complaint, Defendant requests:

(a)     That the Complaint be dismissed with prejudice, with Plaintiff to take nothing thereby;

(b)     That Defendant be awarded its attorneys' fees and costs of incurred herein;

(c)     That Defendant be awarded its post-judgment interest on the foregoing amounts at the maximum rate permitted by law; and

(d)     That Defendant be awarded such other and further relief as the Court deems just and proper.

DATED:  November 20, 2023                    HUNTON ANDREWS KURTH LLP


By:    */s/ Emily Burkhardt Vicente*
         Emily Burkhardt Vicente
         Debra Urteaga
         Attorneys for Defendant
         Sea World LLC

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

6

DEFENDANT SEA WORLD LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is 550 South Hope Street, Suite 2000, Los Angeles, California 90071.

On November 20, 2023, I served the document(s) described as **DEFENDANT SEA WORLD LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action:

> Joshua D. Gruenberg
> Pamela Vallero
> Kelli L. Sanshey
> GRUENBERG LAW
> 2155 First Avenue
> San Diego, CA 92101-3542
>
> Telephone:  619.230.1234
> Fax:  619.230.1074
>
> *Attorneys for Plaintiff*

☑ **By MAIL:**  by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above.

☐ **By OVERNIGHT MAIL:**  by overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

☐ **By ELECTRONIC MAIL:**  by causing a true and correct copy thereof to be transmitted electronically to the attorney(s) of record at the e-mail address(es) indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 20, 2023, at Los Angeles, California

_____
Lourdes O. Gomez

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1
PROOF OF SERVICE